IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BYRON CHRISTOPHER DIXON,
    Petitioner,

v.

JAMES LARSON, *et al.*,
    Respondents.

Civil Action No. 3:15-cv-00449

(Judge Mariani)

## MEMORANDUM

Petitioner, Byron Dixon, a pretrial detainee confined at the Luzerne County Correctional Facility in Wilkes-Barre, Pennsylvania, filed the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner complains about the events that transpired at his preliminary hearing. (*Id.*). The petition has been given preliminary consideration and will be dismissed without prejudice for failure to exhaust state-court remedies.

I.    **Standard of Review - Screening**

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v. Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979) (Nealon, J.). "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or

where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (Muir, J.) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## II. Background

On December 25, 2014, Dixon was arrested by the Wilkes-Barre City Police Department and charged with simple assault, harassment, and terroristic threats.[1] These charges are pending in the Court of Common Pleas of Luzerne County, Pennsylvania.

On January 6, 2015, Magisterial District Judge Rick Cronauer set bail and held the charges over for court. *See Commonwealth v. Dixon*, CP-40-CR-0000306-2015. Dixon's formal arraignment in the Luzerne County Court of Common Pleas is scheduled for April 10, 2015. *Id.* Dixon remains in custody in the Luzerne County Correctional Facility.

Dixon presently challenges Magisterial District Judge Cronauer's decisions at the preliminary hearing. (Doc. 1). Specifically, Dixon claims that Magisterial District Judge Cronauer initially dismissed all charges against him, improperly permitted the charges to be re-filed, and then proceeded to set bail excessively high. (*Id.* at pp. 6-8). Dixon further claims that counsel was ineffective at the preliminary hearing. (*Id.* at p. 8). For relief, he seeks "immediate release" from custody. (*Id.* at p. 8).

---

[1] The Court takes judicial notice of the docket sheet in *Commonwealth v. Dixon*, No. CP-40-CR-0000306-2015, available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

2

## III.   Discussion

A federal court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pre-trial petition for habeas corpus brought by a person who is in custody pursuant to an untried state indictment. *See Moore v. DeYoung*, 515 F.3d 437, 441-42 (3d Cir. 1975). *See also Duran v. Thomas*, 393 Fed. Appx. 3 (3d Cir. 2010); *Smith v. Pennsylvania*, 2011 WL 1375015, at *2 n.2 (M.D. Pa. 2011). "[T]hat jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran*, 393 Fed. Appx. at 4 (quoting *Moore*, 515 F.2d at 445-46). A section 2241 petitioner seeking to invoke this pretrial habeas jurisdiction must have exhausted state-court remedies and must also make "a special showing of the need" for the federal court to adjudicate his petition at such an early juncture. *Moore*, 515 F.2d at 443. If the petitioner has not exhausted his remedies, this Court may still adjudicate the petition if there are "extraordinary circumstances." *Id.*

In the instant matter, this Court has jurisdiction under § 2241 to entertain Dixon's pretrial habeas petition, however he is not entitled to habeas relief at this time. Dixon clearly has not exhausted his state-court remedies. He is currently awaiting formal arraignment, which is set for April 10, 2015. Thus, the trial court has not yet had an opportunity to address and rule on his claims.

Therefore, this Court may only consider Dixon's habeas petition if there are extraordinary circumstances. Upon careful review, this Court finds that the petition does not present any extraordinary or exceptional circumstances. Allegations of improper actions during a preliminary hearing, excessive bail, and ineffective assistance of counsel are not so extraordinary as to "qualify [] for pre-trial, pre-exhaustion habeas corpus relief." *Duran*, 393 Fed. Appx. at 4-5. Dixon must first exhaust his claims before all levels of the Pennsylvania courts and, if he is unsuccessful, he may then present his claims to this Court in a petition for writ of habeas corpus. *See Moore*, 515 F.2d at 445 (stating that adequate state-court review remains available to the petitioner "at trial and thereafter, on appellate review"). The Court will therefore dismiss the petition without prejudice to the filing of a petition for writ of habeas corpus after Dixon exhausts remedies available in the Pennsylvania state courts. *See Duran*, 393 Fed. Appx. at 4-5 (affirming the dismissal of a § 2241 petition alleging that the petitioner was subjected to a warrantless arrest, was detained without probable cause hearing, and that the state court had imposed excessive bail).

A separate Order follows.

Date: March 30, 2015

Robert D. Mariani
United States District Judge